Alfred Riccitelli
vs.    Eq. No. 10753.
Mary E. Norton

April 21, 1931.

BLODGETT, P. J. Heard upon motion for a preliminary injunction and a motion to dismiss the bill.

On March 28, 1931, the Peoples Savings Bank was allowed to intervene as a party respondent. The complaint was originally brought against Mary E. Norton.

Complainant alleges that respondent is holder of a second mortgage on the premises described owned by one Frank Monti.

The Peoples Savings Bank is the holder of a first mortgage on said premises, and has filed a motion, since the hearing for a preliminary injunction, to dismiss the bill, setting forth that the complainant on the ninth day of March, 1931, filed a notice of the commencement of legal process to enforce a lien of mechanics upon said premises under a contract not in writing, and that it then became the duty of said Riccitelli to commence legal process within twenty days; that said time has expired and such process has not been commenced.

No petition was filed in this Court to enforce said lien up to and including March 30, 1931. It is admitted that petition to enforce the lien was not filed. It is claimed by attorney for lienor that this happened by accident and mistake.

Lien proceedings being statutory can not be amended to cure defects.

*Heck* vs. *Casey*, 34 R. I. 389.

At time of filing this bill no lien proceedings were pending as in case of *Jefferson* vs. *Green*, 22 R. I. 276.

The present bill has not been amended and no motion made to amend same.

Bill is dismissed.

For complainant: John Di Libero.

For respondent: William A. Heathman.